## PEOPLE v. GARDNER.

1. CRIMINAL LAW—TRIAL—CHARGE TO JURY—CORRECTNESS.
   A trial court's charge to a jury must be taken as a whole and construed in context; its correctness cannot be tested by examining particular parts.

2. SAME—ATTEMPT—ELEMENTS.
   The essential ingredients of attempt are a felonious intent to commit the crime and an overt act going beyond mere preparation toward the commission of the crime.

3. SAME—TRIAL—CHARGE TO JURY—ESSENTIAL ELEMENTS OF CRIME.
   Failure to charge the essential ingredients of a crime ordinarily is reversible error even in the absence of a request to charge since unless the jury is charged as to the essential ingredients of the crime there is no way of knowing whether the jury found the defendant guilty of a crime known to the laws of this State.

4. SAME—ATTEMPTED BREAKING AND ENTERING—CHARGE TO JURY.
   Trial court's charge to jury in prosecution for attempted breaking and entering with intent to commit larceny which included charge that jury must find "that it was the defendant's intention to commit a crime—the crime of larceny" but which failed to charge as to definition of attempt *held*, sufficient to

REFERENCES FOR POINTS IN HEADNOTES
[1]  5 Am Jur 2d, Appeal and Error § 893.
[2]  21 Am Jur 2d, Criminal Law § 110 *et seq.*
[3, 4]  53 Am Jur, Trial § 639 *et seq.*

justify jury in finding that defendant intended to commit crime of larceny and in finding that defendant committed an overt act essential to his guilt of attempt where the finding of intent to commit larceny could have followed only if jury believed testimony of police officers as to overt acts of defendant (CL 1948, § 750.110, as amended by PA 1964, No 133).

Appeal from Recorder's Court of Detroit, Crockett (George W.), J. Submitted Division 1 February 7, 1968, at Detroit. (Docket No. 3,550.) Decided August 27, 1968. Rehearing denied October 1, 1968.

Louis Gardner was convicted of attempted breaking and entering. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo Pentolino,* Assistant Prosecuting Attorney, for the people.

*Freddie G. Burton,* for defendant on appeal.

McGREGOR, J. The defendant was convicted by a jury of the offense of attempted breaking and entering a business place with intent to commit larceny, contrary to CL 1948, § 750.110 as amended by PA 1964, No 133 (Stat Ann 1968 Cum Supp § 28.305) and CL 1948, § 750.92 (Stat Ann 1962 Rev § 28.287). He did not take the stand in his own behalf and did not offer any evidence in his own defense. Two police officers (one the driver of a scout car) testified to the effect that about 4:25 a.m. they were patrolling the area in question, saw a man (later identified as this defendant) standing on a box, attempting to crawl through a transom over a door to a business place, with his head and shoulders

inside the transom; and that, as the officers approached, the defendant jumped down. The defendant was thereupon placed under arrest and further inspection showed that a wire mesh over the front door transom had been pried away. A length of steel pipe, a screwdriver, and a pair of pliers were found on the ground near the box on which the defendant had been standing. Testimony of the police officers clearly demonstrated the defendant's guilt of the crime charged beyond a reasonable doubt.

Defendant claims on appeal that the trial court failed to give instructions defining the elements constituting the crime. Defense counsel made no request for a specific charge and at the conclusion of the court's apparently otherwise comprehensive charges to the jury, told the court that there was no objection to the charge and that there were no additional requests to charge. Even though no requests be proffered, a trial judge should define the offense and indicate the essential elements of the crime, in order to establish the offense for jury consideration.

The Supreme Court of the state of Michigan has reiterated on numerous occasions that when attack is made on a court's jury charge, the whole charge must be considered and construed in context, and that its correctness cannot be tested by examining particular parts. *People* v. *Loudenslager* (1950), 327 Mich 718.

Here, the trial judge failed in his charge to the jury fully to define the elements of attempt, the essential ingredients of which are a felonious intent to commit the crime, and an overt act going beyond mere preparation toward the commission of the crime. The failure to charge the essential ingredients of a crime ordinarily is reversible error even in the absence of a request to charge. This is so

because, ordinarily, unless the jury is charged as to the essential ingredients we have no way of knowing whether the jury found the defendant guilty of a crime known to the laws of our state.

However, while the trial judge failed to charge as to the necessity of finding that the defendant committed an overt act, going beyond mere preparation toward the commission of the crime, he did charge that the jury must find "that it was the defendant's intention to commit a crime—the crime of larceny." We are justified in assuming that the jury followed the judge's instruction and found the defendant intended to commit the crime of larceny and found the requisite felonious intent, based on all the circumstances presented in the evidence.

The jury could have reached that conclusion only if it believed the description of the overt acts of the defendant as presented by the two police officers, who were the only witnesses who testified to any matter incriminating the defendant, and we are thus also justified in assuming that the jury found, beyond a reasonable doubt, that the defendant committed an overt act essential to his guilt as charged. Under the instant circumstances, there was no reversible error.

Conviction affirmed.

LESINSKI, C. J., and LEVIN, J., concurred.