PEOPLE v. CROOK

1. Robbery—Robbery Armed—Elements—Instructions to Jury.

An essential element of the crime of robbery armed is that the defendant was armed with a dangerous weapon at the time he committed the felonious taking and failure to charge the jury on an essential ingredient of the crime is appealable error even without proper objection (MCLA § 750.529).

2. Criminal Law—Instructions to Jury—Defendant's Failure to Testify—Comment.

The trial judge may, on his own motion, instruct the jury that no consideration should be given defendant's failure to testify in his own defense.

Appeal from Recorder's Court of Detroit, Robert E. DeMascio, J. Submitted Division 1 October 27, 1970, at Grand Rapids. (Docket No. 8364.) Decided December 4, 1970.

Richard Lee Crook was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,*

---

References for Points in Headnotes

[1] 53 Am Jur, Trial § 639.
[2] 53 Am Jur, Trial § 699.
    Propriety under Griffin v. California and prejudicial effect of unrequested instruction that no inferences against accused should be drawn from his failure to testify. 18 ALR3d 1335.

Chief, Appellate Department, and *Thomas R. Lewis,*
Assistant Prosecuting Attorney, for the people.

*Raymond L. Miller,* for defendant on appeal.

Before: FITZGERALD, P. J., and HOLBROOK and
T. M. BURNS, JJ.

PER CURIAM.   Richard Crook was tried by a jury
and convicted on the charge of robbery armed,
MCLA § 750.529 (Stat Ann 1970 Cum Supp
§ 28.797).   On September 30, 1969, he was sentenced
to a term of 3 to 20 years imprisonment, by Judge
Robert E. DeMascio of the recorder's court.   A
timely petition for the appointment of appellate
counsel and subsequent claim of appeal are grounded
on two allegations of error.   First, it is contended
that the lower court erred in its instructions to the
jury relative to the elements of the crime of robbery
armed.   Second, it is contended that the lower court
erred in commenting on defendant's failure to take
the stand in his own defense.   The people have filed
a motion to affirm the conviction and sentence.

Defendant quotes from the trial court's instruc-
tions to the jury at length in an effort to demon-
strate that the court erred in failing to instruct on
the element that defendant was armed with a
weapon.   Generally this Court will not review an
alleged error in the lower court's instructions to the
jury, absent a timely objection being raised in the
lower court.   *People* v. *Fortuna* (1968), 13 Mich App
245.   However, the failure to charge the jury on an
essential ingredient of the crime is appealable error
even without proper objection.   *People* v. *Gardner*
(1968), 13 Mich App 16.   In the present case it is
essential that the jury find that the defendant was
armed with a dangerous weapon at the time he com-

mitted the felonious taking. Clearly this is an essential element of the crime of robbery armed. It is equally clear, upon review of the trial transcript, that the lower court did properly charge the jury on this element.

"Now, when I said to you certain elements make up the offense * * * the information contains certain elements. For example, it states an assault—the element of an assault, and then it indicates that there was used in this instance a dangerous weapon, and that the defendant was armed with that weapon, namely, a knife with a broken off point, but it wouldn't matter if the point was broken off or not.
"Dangerous weapon—to-wit: the knife, and that he did felonious rob, steal and take from her person or in her presence a certain sum of money."

This issue is without merit.

The second issue is also grounded on the lower court's charge to the jury. The issue is grounded on the following instruction:

"Now, I'm confident that the jury recognizes why this is so. There are many reasons why a defendant may not choose to take the stand. Most common among them is the personality of many individuals who find it very difficult to express themselves properly. They find it very embarrassing, for example, and many times these decisions aren't even made by the defendant. They are made by the defendant and his lawyer together.
"So, for the many multitude of reasons why one elects not to choose to testify or take the stand, because there are so many reasons, the law does not permit the jury to indulge in any kind of presumption because of that fact."

Defendant contends that the foregoing charge to the jury was prejudicial, and is in violation of the Fifth Amendment. However, this Court had previously

held in *People* v. *Waters* (1969), 16 Mich App 33, that if a trial judge on his own motion instructed the jury to the effect that no consideration should be given to defendant's failure to take the stand in his own defense, it is not reversible error.   Motion to affirm is granted.