PEOPLE *v.* DANIELS

1. CRIMINAL LAW — LINEUP — ABSENCE OF COUNSEL — PRESERVING QUESTION.

The constitutionality of a lineup, held without affording defendant his right to counsel, cannot be raised for the first time on appeal; any objection to such a lineup must first be made in the trial court.

2. CRIMINAL LAW—LINEUP—ABSENCE OF COUNSEL—RAISING ISSUE.

Trial court was not obligated to hold an evidentiary hearing regarding the constitutionality of a lineup where trial counsel, although knowing that the lineup was possibly constitutionally defective, failed to raise the constitutional issue in the trial court.

Appeal from Recorder's Court of Detroit, Elvin L. Davenport, J. Submitted Division 1 September 7, 1971, at Grand Rapids. (Docket No. 11318.) Decided September 29, 1971. Leave to appeal denied, 386 Mich 780.

Patrick Daniels was convicted of breaking and entering a business establishment with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,*

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error §§ 517, 602.
Admissibility of evidence of lineup identification as affected by allegedly suggestive lineup procedures. 39 ALR3d 487.
[2] 53 Am Jur, Trial § 132 *et seq.*
21 Am Jur 2d, Criminal Law § 368.

Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*James D. Murphy, Jr.,* for defendant on appeal.

Before: R. B. Burns, P. J., and J. H. Gillis and Danhof, JJ.

Per Curiam. Defendant was convicted by a jury of breaking and entering a business establishment with intent to commit larceny. MCLA § 750.110 (Stat Ann 1971 Cum Supp § 28.305). He was sentenced to a term of five to ten years. He appeals following the grant of an application for delayed appeal.

The defendant and two other men were observed by an eyewitness carrying packages and boxes from a party store adjacent to the eyewitness's apartment. The lighting was sufficient for the witness to observe that the men were not the owners of the store and therefore the witness called the police. When the police officers arrived the witness gave them a detailed description of the men she had observed. The witness then spotted the men and pointed them out to the police officers. The police officers gave chase and eventually arrested the men. They returned them to the scene of the crime at which point the witness recognized the defendants as those who had perpetrated the crime. The witness testified that later in the day she was taken to police headquarters and observed these men in a lineup. The police attempted to refute this testimony through testimony of the two detectives assigned to the case and the lack of a lineup record in the police file on

the case. If a lineup was, in fact, held, no counsel was afforded for any of the defendants.

The testimony concerning the alleged lineup became apparent to the defendant's counsel for the first time at the trial. No objection, however, was made to the constitutionality of the lineup held without the aid of counsel for the defendant. Now for the first time on appeal the defendant challenges the lineup procedure as being constitutionally defective. He also challenges the failure of the trial court to conduct a hearing as to the constitutionality of the lineup. Finally, the defendant challenges the verdict as not being supported by the evidence.

It is settled law in Michigan that when it appears that a lineup has been held without affording to the defendant the right to counsel at such lineup and no objection to this procedure is made at the trial court, then the objection when raised for the first time on appeal is made too late. *People* v. *Childers* (1969), 20 Mich App 639; *People* v. *McClendon* (1970), 21 Mich App 142; *People* v. *McLaughlin* (1970), 25 Mich App 211; *People* v. *Rowls* (1970), 28 Mich App 190. Likewise, in *People* v. *Childers, supra,* the procedure for raising such constitutional issues is set out and it is clearly the duty of trial counsel to raise the constitutional issue. If such constitutional issue is raised in the trial court, the trial court is then obligated to hold a hearing as to the constitutional question. No such objection being made in this case, the court was not obliged to conduct such a hearing. Finally, evidence clearly shows that the defendants had been described and identified immediately after the policemen arrived at the scene of the crime. They were arrested and returned to the scene of the crime at which time the witness again identified the men as the perpetrators of the crime. This was sufficient basis to allow the in-court

identification of the defendant and his codefendant by the witness. It cannot be said that the jury verdict was contrary to the evidence here.

Affirmed.