PEOPLE v MINTER

1. CRIMINAL LAW—LINEUP—ABSENCE OF COUNSEL.

Objections to lineups held without counsel must be made before, or at trial where defense counsel is aware of the illegal lineup.

2. CRIMINAL LAW—LINEUP—ABSENCE OF COUNSEL.

A witness's lineup identification of the defendant was properly admitted at defendant's trial, even though defendant did not have counsel at the lineup, where defense counsel did not object to the illegal confrontation before or at trial, counsel was aware of the illegal lineup, and counsel attempted to use the lineup to defendant's advantage.

Appeal from Genesee, Philip C. Elliott, J. Submitted Division 2 December 9, 1971, at Lansing. (Docket No. 10563.) Decided March 28, 1972.

Frederick Minter was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *Robert F. Leonard*, Prosecuting Attorney, and *Donald A. Kuebler*, Chief Assistant Prosecuting Attorney, for the people.

*Richard F. Zielinski*, for defendant on appeal.

---

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 29 Am Jur 2d, Evidence § 371.

Before: McGREGOR, P. J., and BRONSON and TAR-
GONSKI,* JJ.

PER CURIAM.  Defendant was convicted by a jury
in the Genesee County Circuit Court of armed rob-
bery.  MCLA § 750.529 (Stat Ann 1971 Cum Supp
§ 28.797).  He appeals of right.

On December 14, 1969, the Yellow Deluxe Cab
Company office in Flint, Michigan was robbed by a
lone black male armed with a silver-colored revolver.
The gunman was in the office for approximately 20
minutes prior to the robbery, ostensibly waiting for
a cab he requested  Two employees, Mrs. Arney and
Mr. Tesler, were on duty at the time.

After the robbery, the police were called and ob-
served fresh footprints in new-fallen snow near the
Yellow Cab office.  The police followed the tracks
for several blocks and meanwhile received a radio
report that a car had been stolen in the area.  The
footprints ended where the stolen vehicle had been
parked.  The police followed the automobile tracks,
found the car, and observed an individual fitting the
bandit's description flee into a house.  The officers
entered the house, arrested defendant, and removed
a toy pistol from him.  They later found and re-
moved a silver-colored revolver from his possession.

On December 15, 1969, Mrs. Arney and Mr. Tes-
ler separately viewed a lineup in which the defend-
ant participated.  Mrs. Arney identified the defend-
ant as the gunman.  Mr. Tesler identified another
man as the robber.

At the trial, Mrs. Arney identified defendant
again and testified as to her lineup identification.
Mr. Tesler did not appear; consequently his pre-
liminary examination testimony was read into the

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

record by agreement of the parties. Defendant testified on his own behalf. He admitted carrying the revolver and stealing the car but denied committing the robbery. Defendant now appears his conviction.

Defendant's first contention is that the trial judge erred in admitting evidence of Mrs. Arney's lineup identification since he was not represented by counsel at the lineup. *United States* v *Wade* (1967), 388 US 218 (87 S Ct 1926, 18 L Ed 2d 1149). The lineup was held December 15, 1969. Trial counsel was appointed December 19, 1969. We must assume, on this record, that defendant did not have the benefit of counsel at the lineup.

At no time prior to or during the trial did counsel object to use of this evidence. It is clear that defense counsel was aware of this confrontation since he introduced a picture of the lineup in an effort to impeach Mrs. Arney's credibility. The law in Michigan clearly requires that objections to lineups held without counsel be made prior to or at trial. Generally, objections raised for the first time on appeal are too late. *People* v *Childers* (1969), 20 Mich App 639; *People* v *Daniels* (1971), 36 Mich App 173. Our review of the record convinces us that this is not a case within any exception to the general rule. Defendant not only failed to object, he attempted to use the lineup to his advantage by introducing a picture of the lineup and emphasizing Mr. Tesler's inability to identify him. He may not now claim it was error to admit such evidence.

Defendant also objects to the following portion of the judge's instructions to the jury:

"There is only one matter for you to decide, and that is whether or not the people have proven beyond a reasonable doubt that the defendant committed this crime he is accused of in the information,

or whether he committed a lesser crime included within that accusation."

Defendant claims that this excludes the alternative of acquittal. Claimed errors in jury instructions are viewed in the context of the entire instruction. *People* v *Loudenslager* (1950), 327 Mich 718; *People* v *Gardner* (1968), 13 Mich App 16. A close examination of the entire instruction reveals the trial judge several times informed the jury that it was to acquit defendant if the prosecution failed to prove its case beyond reasonable doubt. We find no error.

Affirmed.