PEOPLE v GIBBS

1. CRIMINAL LAW—PLEADING—PLEA OF NOT GUILTY.

The plea of not guilty itself puts the question of guilt or inno-
cence of any offense in issue.

2. CRIMINAL LAW—APPEAL AND ERROR—PRESERVING QUESTION—FUN-
DAMENTAL RIGHT.

The Court of Appeals does not always, in criminal cases, follow
the fundamental precept of appellate review, "no objection, no
error saved"; there are times when a right so fundamental is
violated that a reviewing court must act upon its own.

3. CRIMINAL LAW—INSTRUCTIONS TO JURY—STATUTES—COURT RULES
—FUNDAMENTAL RIGHT—DUE PROCESS.

The statute and court rule proscribing setting aside judgments of
conviction for instructional error absent a manifest miscarriage
of justice are both subject to judicial supervision in their
application; neither can obtain where a fundamental right is so
violated as to amount to a deprival of due process (MCLA
769.26; GCR 1963, 529).

4. CRIMINAL LAW—PLEADING—PLEA OF NOT GUILTY—INSTRUCTIONS TO
JURY.

A trial judge committed reversible error in a second-degree
murder trial where he erroneously instructed the jury on two
occasions that their main duty was really to determine whether
or not the homicide was a murder in the second degree or
manslaughter and that a third possible verdict of not guilty
would be inappropriate even though he gave a mildly curative
instruction later, because the two reversibly erroneous instruc-
tions and the mildly curative instruction may well have placed
the jury in such a quandary that it was unsure of what its
obligation to the defendant was, and the Court of Appeals
cannot speculate that the jury rejected the infirm instructions

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 458, 459, 462, 467.
[2] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*
[3] 53 Am Jur, Trial § 466.
[4] 53 Am Jur, Trial §§ 557, 601, 629, 660, 679, 837, 838.

and followed the later one which accorded to defendant the right to a verdict of not guilty to which his plea of not guilty entitled him.

Appeal from Saginaw, Joseph R. McDonald, J. Submitted Division 3 October 3, 1973, at Grand Rapids. (Docket No. 14826.) Decided November 2, 1973. Leave to appeal denied, 391 Mich 783.

James E. Gibbs was convicted of second-degree murder. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *E. Brady Denton,* Prosecuting Attorney, and *Ray J. MacNeil,* Assistant Prosecuting Attorney, for the people.

*Norris J. Thomas, Jr.,* Assistant State Appellate Defender, for defendant.

Before: HOLBROOK, P. J., and BASHARA and O'HARA,* JJ.

O'HARA, J. Defendant appeals of right his jury conviction of second-degree murder. MCLA 750.317; MSA 28.549.

The meritorious issue on appeal is claimed instructional error. We set forth that portion of the charge defendant contends was reversibly erroneous.

"Now in most cases, there is a third verdict, of course, the verdict of not guilty. I would say, in this regard, that you have heard the defendant testify in this case. There is no question here, no way that you could find that he did not kill his wife. He stated to you that he did. This killing was unlawful and felonious. There has been no excuse offered, which is excusable or

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

justifiable under the law, so that your main duty here will really be to determine whether or not this is murder in the second degree or manslaughter."

The quoted excerpt is fatally infirm. The plea of not guilty itself put the question of guilt or innocence of any offense in issue.

Later in the charge the trial court repeated the substance of the foregoing instruction.

"As I've stated to you in ordinary cases you would have a third verdict, possible verdict of not guilty. In this case, it would appear from the statements made to you in open court and uncontradicted, the defendant did kill his wife, and that there would not be—there was no legal justification for this killing, so your verdict will be one of two, we find the defendant guilty of murder in the second degree, or we find the defendant guilty of manslaughter."

The learned trial judge himself apparently had second thoughts about the matter. After the jury had retired and during its deliberations he recalled them and gave this additional instruction:

"In calling you in, I just wanted to make this clear on the record, that defense counsel had called it to the court's attention that it might have left you with the impression that you could not bring in a not guilty verdict, and I want to clear that up on the record while you're still in deliberations, and this is not done, in any way, to influence your decision in this case.

"Does either counsel have anything to say?

*"Mr. Schwartzly [defense counsel]:* Nothing, your Honor.

*"Mr. Dill [assistant prosecutor]:* Nothing, your Honor."

We are well aware of the fundamental precept of appellate review, "no objection, no error saved". Assuming *arguendo* that defense counsel's quoted

acquiescence was acquiescence to the whole charge, still there are times when a right so fundamental is violated that a reviewing court must act upon its own. We do so here.

We are well aware also of the statute[1] and court rule[2] proscribing setting aside judgments of conviction for instructional error absent a manifest miscarriage of justice. Both the rule and the statute are subject to judicial supervision in their application. Neither can obtain where a fundamental right is so violated as to amount to a deprival of due process.

Such we think is the situation here. The two reversibly erroneous instructions and the mildly curative instruction may well have placed the jury in such a quandary that is was unsure of what its obligation to the defendant was. We cannot speculate that it rejected the infirm instructions and followed the later one which accorded to defendant the right to a not-guilty verdict which his plea of not guilty entitled him.

The judgment of conviction is reversed.

All concurred.

---

[1] MCLA 769.26; MSA 28.1096.

[2] GCR 1963,529.