PEOPLE v GILLESPIE

1. CRIMINAL LAW—VERDICTS—INSTRUCTIONS TO JURY.

A jury may not be charged affirmatively irrespective of the quantum of proof of guilt, that upon uncontradicted proof of the essential elements of the offense charged or the essential elements of one or more of the lesser included offenses under the principal offense it must return a verdict of guilty of the principal charge or one of the lesser included offenses and that it may not return a verdict of not guilty.

2. CRIMINAL LAW—VERDICTS—INSTRUCTIONS TO JURY.

An instruction to the jury that "I am directed by Michigan law to instruct that you must find * * * the defendant * * * [guilty] * * * you have no discretion to reach a contrary decision" is reversible error.

Appeal from Washtenaw, Edward D. Deake, J. Submitted Division 2 May 7, 1974, at Lansing. (Docket No. 17861.) Decided July 23, 1974.

Tommie Gillespie was convicted in district court of driving under the influence of intoxicating liquor. Defendant appealed to circuit court. Affirmed. Defendant appeals by leave granted. Reversed and remanded.

*Edwin L. Pear,* Ann Arbor City Attorney, and *John K. Van Loon,* Assistant City Attorney, for the people.

*Richard B. Ginsberg,* Washtenaw County Legal Aid Society, for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 53 Am Jur, Trial §§ 412, 413.

Before: BRONSON, P. J., and HOLBROOK and O'HARA.* JJ.

O'HARA, J. Defendant appeals his conviction of what has come to be known generally as DUIL. MCLA 257.625; MSA 9.2325.[1]

The case presents a clear-cut legal issue.

The question is: May a trial judge affirmatively charge that upon uncontradicted proof of the essential elements of the offense charged or the essential elements of one or more of the lesser included offenses under the principal offense that the jury must return a verdict of guilty of the principal charge or one of the lesser included offenses?

In this case the trial judge charged the jury:

"Now neither the prosecution nor the defendant has offered any evidence which would indicate defendant was not affected by the alcohol in his bloodstream in the same way as most persons. Thus if you believe that the test was properly administered, and that the defendant's blood alcohol was, in fact, .17% and .16% on the second, I am directed by Michigan law to instruct you that you must find that the defendant was driving under the influence of intoxicating liquor and his ability to operate the automobile was impaired due to the consumption of alcohol. *The issue is thereby determined as a matter of law and you have no discretion to reach a contrary decision."* (Emphasis supplied.)

The test for alcoholic content was properly administered. The accuracy of the results was not challenged.

Thus by the charge the trial judge instructed the jury that as a matter of law they could not return a verdict of not guilty.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] The defendant was actually charged with violation of the Ann Arbor ordinance corresponding to the statute cited.

As we understand Michigan law such a charge is impermissible and constitutes reversible error.

In this state a jury may disbelieve any fact testimony or reject any factual results, uncontradicted or not.

We are unable to distinguish the instruction in this case from that which was disapproved as lately as *People v Gibbs,* 50 Mich App 517, 518–519; 213 NW2d 586 (1973).[2]

" 'Now in most cases, there is a third verdict, of course, the verdict of not guilty. I would say, in this regard, that you have heard the defendant testify in this case. There is no question here, no way that you could find that he did not kill his wife. He stated to you that he did. This killing was unlawful and felonious. There has been no excuse offered, which is excusable or justifiable under the law, so that your main duty here will really be to determine whether or not this is murder in the second degree or manslaughter.' "

The *Gibbs* case held:

"The quoted excerpt is fatally infirm. The plea of not guilty itself put the question of guilt or innocence of *any* offense in issue." (Emphasis supplied.) 50 Mich App at 519; 213 NW2d at 587.

Thus the question remains purely and simply, can a trial judge irrespective of the quantum of proof of guilt instruct a jury that it may not return a verdict of *not guilty?*

In *People v Lathers,* 223 Mich 92, 96; 193 NW 903, 904 (1923), the Supreme Court noted the trial judge charged the jury that they:

"should retire 'notwithstanding the court had di-

---

[2] Leave denied by the Supreme Court at 391 Mich 783 (1974).

rected a verdict,' but ordered that when they returned into court and were asked if they had agreed upon a verdict, their foreman should answer that their verdict was guilty as charged, concluding: 'In other words your verdict in form in this case will be, "We find the respondent guilty as charged." ' "

The Supreme Court then went on to say:

"Under such unqualified command of the court, retirement of the jury served no purpose and was but an idle ceremony. Instead of telling the jury what it was their duty to decide as a matter of law, the court told them it was his duty to order a verdict of guilty, and so commanded." 223 Mich at 96–97; 193 NW at 904.

This holding would not be difficult to understand, nor for the trial bench and this Court to follow, had not the Supreme Court added on the same page:

" 'The trial judge may, with perfect propriety, state to the jury that the law applied to the facts, which are undisputed, shows the defendant to be guilty of the offense charged, and that it is their duty to so find under the *facts* and the law.' " (Emphasis supplied.) 223 Mich at 97; 193 NW at 904–905.

The foregoing quotations seem to us to be sufficiently equivocal to permit us to write to them interpretively.

Since the trial judge must solemnly tell the jury that they are the sole trier of the facts and at the same time tell them "with perfect propriety * * * that the law applied to the facts, which are undisputed, shows the defendant to be guilty" the right of determination of guilt by a jury becomes as Porgy said of Bess, "a sometime thing".

We hold under the authority of *Gibbs, supra,* and *Lathers, supra,* that the charge "I am directed

by Michigan law to instruct that you must find * * * the defendant * * * [guilty] * * * you have no discretion to reach a contrary decision" was reversibly erroneous.

Reversed and remanded.

All concurred.