PEOPLE v CARGILE

PEOPLE v DYESS

Docket Nos. 77-2478, 77-2505. Submitted March 20, 1978, at Detroit.— Decided April 21, 1978. Leave to appeal applied for.

Reuben Cargile and Odell Dyess were convicted of first-degree murder in the Recorder's Court of the City of Detroit, Dalton A. Roberson, J. Defendants appeal and their appeals were consolidated as each raises the same issues dealing with the jury instructions. *Held:*

The trial court's omission of a jury instruction on a general verdict of not guilty was error but not reversible error under circumstances which indicated the omission was not intentional, the jury was not confused as to their power to acquit the defendants if the prosecution did not prove either the charged or included offense, and the court gave proper instructions on the burden of proof and informed the jury that they should acquit either or both defendants if the burden was not met.

Affirmed.

1. APPEAL AND ERROR—JURY—JURY INSTRUCTIONS—CRIMINAL LAW— OMISSION—NOT GUILTY VERDICT—REVERSIBLE ERROR—PREJUDI- CIAL IMPACT—INTENTION—BURDEN OF PROOF.

The omission of a jury instruction on a general verdict of not guilty, in a trial for first-degree murder, is error; however, such error is not reversible where the instructions, taken as a whole, sufficiently mitigated the prejudicial impact of the omission, where the omission was not intentional, where a review of the instructions convinces the Court of Appeals that the jury was not confused as to their power to acquit the defendants if the prosecution did not prove either the charged or the included offense, and where the court gave proper instructions on the burden of proof and informed the jury that they should acquit either or both defendants if the burden was not met.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 810 *et seq.*
[2] 40 Am Jur 2d, Homicide §§ 498, 500.

2. Homicide—First-Degree Murder—Jury—Jury Instructions—
    Elements—Malice—Definitions—Case Law.

   A trial judge adequately defined the element of malice in his
   instructions to the jury in a trial for first-degree murder where
   the instruction given fully comported with Michigan case law
   on the definition of malice; the court was not obligated to go
   further and clarify the meaning of the words used in that
   definition.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Robert J. Sheiko,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendants.

Before: D. C. Riley, P. J., and T. M. Burns and Cynar, JJ.

Per Curiam. Defendants Reuben Cargile and Odell Dyess were convicted in a jury trial of first-degree murder, contrary to MCL 750.316; MSA 28.548, and sentenced to life imprisonment. Their appeals have been consolidated as each raises the same issues dealing with the trial court's jury instructions.

At the close of the instructions, the court reiterated the possible verdicts. He stated that if the prosecution met its burden of proof on the charged offense, the verdict should be guilty on that charge. If the prosecution did not meet that burden, the judge instructed, defendants should be found not guilty of first-degree murder. The judge concluded by instructing that if the proofs showed all of the elements of the included offense of second-degree murder, but not of first-degree, the verdict should be guilty on that charge. It is undisputed that the court failed to give an instruction on a general verdict of not guilty. A tentative objection was raised as to this omission, but was

dropped when the court, without reference to the stenographer's notes, remarked that he believed that the instruction had been given.

While the omission of a not guilty instruction was certainly erroneous, we do not find it to mandate reversal of the convictions under the circumstances of the present case. To determine the impact this error had on the jury, we must look at the instructions as a whole. See *People v Hodo,* 51 Mich App 628; 215 NW2d 733 (1974). Our review of the entirety of the instructions convinces us that the jury was not confused as to their power to acquit defendants if the prosecution did not prove either the charged or the included offense. The court gave proper instructions on the burden of proof and informed the jury that they should acquit either or both defendants if the burden was not met. We find that these instructions sufficiently mitigated the prejudicial impact of the later omission. *People v Minter,* 39 Mich App 550; 197 NW2d 916 (1972).

In addition, the trial court's error did not appear to be intentional. The present case is thus distinguishable from cases where this Court has found reversible error in a trial court's affirmative exclusion of a not guilty verdict. See *People v Gillespie,* 54 Mich App 419; 221 NW2d 246 (1974), *People v Gibbs,* 50 Mich App 517; 213 NW2d 586 (1973).

Defendants also contend that the trial court erred in failing to adequately define the element of malice. The instruction given fully comported with Michigan case law on the definition of malice. *People v Morrin,* 31 Mich App 301, 310–311; 187 NW2d 434 (1971).

We do not believe that the court was obligated to go further and clarify the meaning of the words used in that definition, especially in the absence of any objection by defendants.

Affirmed.