PEOPLE v RAY

Docket No. 57040. Submitted May 18, 1982, at Detroit.—Decided
September 22, 1982. Leave to appeal applied for.

Douglas Ray was charged with assault with intent to commit
murder and felony-firearm and was convicted of assault with
intent to do great bodily harm less than murder and felony-
firearm, Recorder's Court of Detroit, Evelyn Cooper, J. Defen-
dant appeals, alleging error in the prosecutor's comments to
the jury regarding defendant's silence in the face of accusa-
tions, in the court's failure to specifically instruct on the
verdict of not guilty with regard to the lesser offense of assault
with intent to do great bodily harm less than murder, and in
failure to produce evidence that the weapon used was capable
of firing a projectile. *Held:*

1. An accused's silence, even in the face of specific accusation
of a crime, may not be used against him. The allowance of the
prosecutor's comments on defendant's silence in the face of
accusations was reversible error.

2. The trial court in a criminal case should instruct the jury
on a verdict of not guilty with respect to each offense charged.

3. A prosecutor need not present proof of operability of a
firearm in a prosecution for a felony-firearm violation. There
was evidence from which a jury could conclude that the object
used was a .38 caliber snub-nosed pistol.

Reversed and remanded.

1. CRIMINAL LAW — SILENCE — EVIDENCE.

Evidence of a defendant's refusal to speak during interrogation is
admissible only to impeach his own inconsistent statements at
trial.

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence §§ 640, 644.
[2] 29 Am Jur 2d, Evidence § 638.
[3] 75 Am Jur 2d, Trial §§ 756, 762.
[4] 79 Am Jur 2d, Weapons and Firearms §§ 4, 5, 7.
[5] 29 Am Jur 2d, Evidence § 827.
    75 Am Jur 2d, Weapons and Firearms § 16.

2. CRIMINAL LAW — SILENCE — EVIDENCE.
  An accused's silence, even in the face of specific accusation of a crime, may not be used against him.

3. CRIMINAL LAW — JURY INSTRUCTIONS — VERDICT OF NOT GUILTY.
  The trial court in a criminal case should instruct the jury on a verdict of not guilty with respect to each offense charged.

4. CRIMINAL LAW — FELONY-FIREARM — STARTER PISTOL.
  A starter pistol is not a firearm within the meaning of the felony-firearm statute (MCL 750.227b; MSA 28.424[2]).

5. CRIMINAL LAW — FELONY-FIREARM.
  A prosecutor need not present proof of operability of a firearm in a prosecution for a felony-firearm violation (MCL 750.227b; MSA 28.424[2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Michael F. Bakaian,* Assistant Prosecuting Attorney, for the people.

*Maroun J. Hakim,* for defendant.

Before: M. F. CAVANAGH, P.J., and N. J. KAUFMAN and R. A. BENSON,* JJ.

PER CURIAM. Defendant was charged with assault with intent to commit murder in violation of MCL 750.83; MSA 28.278 and felony-firearm in violation of MCL 750.227b; MSA 28.424(2). On February 13, 1981, he was convicted of assault with intent to do great bodily harm less than murder in violation of MCL 750.84; MSA 28.279 and felony-firearm. He was sentenced to serve a term of four to ten years in prison on the assault conviction and to the mandatory two years in

---

* Circuit judge, sitting on the Court of Appeals by assignment.

prison on the felony-firearm conviction. Defendant appeals his convictions as of right.

The events out of which defendant's conviction arose occurred on August 14, 1980. Complainant, Dwayne Porter, testified that he was walking down a street near defendant's home in Detroit when defendant appeared on the porch with a handgun. Defendant screamed at Porter and fired the gun in his direction. Porter ran away and was not injured. He testified that defendant was angry with him because he had reported defendant to police on an unrelated criminal charge several weeks earlier.

Defendant took the stand on his own behalf. He admitted that he fired a pistol in Porter's direction. However, he claimed that it was a starter pistol which was incapable of firing a projectile. During the prosecutor's cross-examination of defendant, the following unobjected-to colloquy occurred:

"*Q.* Now, when you walked back into the house, what's the first thing you did after the shooting?

"*A.* I stuck the starter gun under the couch, sat back down and started watching TV.

"*Q.* Did you call the police then?

"*A.* Well, the police came to the house.

"*Q.* Then what happened?

"*A.* I didn't talk to them, my girl friend did. I sat on the couch and watched TV.

"*Q.* You didn't say a word to the police?

"*A.* No, I didn't.

"*Q.* Then how long did the gun stay under the couch?

"*A.* Until everyone left out the room, then I took it back in the bedroom.

"*Q.* Now, if that was a starter pistol, why didn't you tell the police this is a starter pistol and give it to them?

"*A.* Why didn't I tell them? Because, you know, I guess I didn't want them to take it, I wanted to keep it.

"*Q.* Okay. Is the starter pistol still at your house?

"*A.* I have no idea."

Thereafter, in closing argument the prosecutor stated the following:

"It would seem to me that if a police came to my house accusing me of shooting someone after an incident and I had a starter pistol, I would say it was a starter pistol and show it to the police officers. It would seem to me that after I was arrested and if it was supposedly a starter pistol, I would have had someone from my house bring the starter pistol and bring it over the police, and I submit, it wasn't a starter pistol, it was a .38 snub-nosed pistol as the officers—as the witnesses have testified."

In our opinion, the prosecutor's questioning of defendant and her closing argument constituted a clear violation of the rule announced by the Supreme Court in *People v Bobo,* 390 Mich 355; 212 NW2d 190 (1973):

"We will not condone conduct which directly or indirectly restricts the exercise of the constitutional right to remain silent in the face of accusation. 'Nonutterances' are not statements. The fact that a witness did not make a statement may be shown only to contradict his assertion that he did." 390 Mich 359.

In the present case, defendant did not make a statement to the police at the time of his arrest. Therefore, the prosecutor was precluded from using defendant's silence against him at trial. *People v Gerald Wells,* 102 Mich App 558; 302 NW2d 232 (1980). Furthermore, the fact that defendant failed to object to the prosecutor's action at trial does not

preclude our review of the error. *People v Norris,* 74 Mich App 361; 253 NW2d 767 (1977); *People v Gant,* 55 Mich App 510; 222 NW2d 784 (1974). Nor can the error be deemed harmless. Defendant's response to the first in the series of questions posed by the prosecutor made the prosecutor aware that defendant had exercised his right to remain silent. Therefore, her continued questioning of defendant and her closing argument cannot be considered inadvertent. *People v Hoshowski,* 108 Mich App 321, 324; 310 NW2d 228 (1981). Since the issue of credibility was crucial, defendant's convictions must be reversed and the case remanded for a new trial.

Since we have decided to reverse defendant's convictions, we find it unnecessary to address the other claimed instances of prosecutorial misconduct. Since defendant's objections to those actions were sustained during trial, we are confident that the prosecutor will not repeat the errors on retrial. However, since a new trial is ordered, we find it necessary to address the issue concerning the claimed instructional error.

The instructions given by the court with respect to the charge of assault with intent to commit murder included an instruction concerning the lesser offense of assault with intent to do great bodily harm less than murder. However, that instruction did not include an instruction on the general verdict of not guilty. Although the instructions taken as a whole accurately informed the jury that they could find defendant not guilty, on retrial the court should instruct the jury on a verdict of not guilty with respect to each offense charged. See *People v Cargile,* 83 Mich App 361; 268 NW2d 258 (1978).

Defendant's final claim of error is that the pros-

ecution failed to introduce proof that the weapon he used was capable of firing a projectile and that, therefore, insufficient evidence was introduced to support his felony-firearm conviction. We agree with defendant that a starter pistol is not a firearm within the meaning of MCL 750.227b; MSA 28.424(2). See *People v Stevens,* 409 Mich 564; 297 NW2d 120 (1980). However, defendant's claim that the weapon used was a starter pistol was not uncontroverted. The prosecution's witness testified that the gun he saw defendant fire was a .38 caliber snub-nosed pistol. If the jury chose to believe the prosecution witness, it could have found beyond a reasonable doubt that defendant was in the possession of a firearm at the time he committed the assault. *People v Delongchamps,* 103 Mich App 151, 159; 302 NW2d 626 (1981). The prosecutor was not required to additionally prove that the .38 caliber handgun was operable. *People v Jackson,* 108 Mich App 346, 350-351; 310 NW2d 238 (1981).

Defendant's convictions are reversed and the case is remanded for a new trial.