PEOPLE v SHABAZZ

Docket No. 60231. Submitted September 15, 1982, at Detroit.—Decided October 14, 1982.

Amin H. Shabazz was convicted, on his plea of guilty, of armed robbery and possession of a firearm during the commission of a felony, Recorder's Court of Detroit, Richard P. Hathaway, J. Defendant appeals, alleging that the trial court's advice led him to believe that he would be entitled to certain enumerated rights in a trial only if he waived his right to a jury trial and that the court erroneously failed to advise him that his sentences would be consecutive and that armed robbery is a nonprobationable offense. *Held:*

1. The sequence in which the trial court informed defendant of his rights was the same as that in which they are presented in the applicable court rule. It cannot be concluded that defendant believed that the rights were only available in a bench trial.

2. The trial court was not required to inform the defendant of potential sentence consequences of his plea.

3. The defendant was informed that he would receive a mandatory minimum sentence for armed robbery. Therefore, it was not error requiring reversal not to inform him that he could not be placed on probation.

Affirmed.

1. CRIMINAL LAW — GUILTY PLEAS — MANDATORY MINIMUM SENTENCE.

The court rule which requires a trial court to advise a defendant who is pleading guilty of the mandatory minimum sentence, if any, for the offense to which he is pleading does not require advice as to potential sentence consequences such as consecutive sentences (GCR 1963, 785.7[1][d]).

2. CRIMINAL LAW — GUILTY PLEAS — NONPROBATIONABLE OFFENSES.

Failure of a trial court to inform a defendant who is pleading

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 479.
[2] 21 Am Jur 2d, Criminal Law §§ 479, 480.

guilty that the offense to which he is pleading is a nonprobationable offense does not require reversal where the defendant was informed that the offense was punishable by, and that he would receive, a mandatory minimum sentence (GCR 1963, 785.7[1][f]).

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, *William L. Cahalan*, Prosecuting Attorney, *Edward Reilly Wilson*, Principal Attorney, Appeals, and *Carolyn M. Schmidt*, Assistant Prosecuting Attorney, for the people.

*Douglas Hamel (Frank Singer*, of counsel), for defendant on appeal.

Before: J. H. GILLIS, P.J., and V. J. BRENNAN and D. C. RILEY, JJ.

PER CURIAM. On July 1, 1981, in Detroit Recorder's Court, defendant pled guilty to armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant was thereafter sentenced to consecutive terms of 4 to 15 years imprisonment on the armed robbery charge and 2 years imprisonment on the felony-firearm charge.

Defendant appeals as of right raising three issues for our consideration. First, defendant contends that the trial court failed to comply with the provisions of GCR 1963, 785.7.

At the plea-taking proceeding, the court informed the defendant as follows:

*["The Court]:* Mr. Shabazz, if your plea is accepted, you will not have a trial of any kind; you will be giving up a certain amount of rights if you had gone to trial.

"Do you understand that you are giving up the right to a trial by jury?

*"The Defendant:* Yes.

"*The Court:* Do you also understand that you could have a trial by this court if you didn't have a trial by jury, and you would be presumed innocent until proven guilty; that the prosecution would have to prove that you're guilty beyond a reasonable doubt; that witnesses would have to appear at trial, and you would have the right to confront and question those witnesses; you understand that?"

Defendant now contends on appeal that the quoted language conveyed the meaning that defendant would only be entitled to the enumerated rights if he waived his right to a jury trial and proceeded with a bench trial. Defendant reasons that this instruction had a "chilling effect" upon his constitutional right to a jury trial.

This position is clearly untenable. The sequence in which the trial court informed defendant of the rights he was waiving by his plea of guilty was the same as they are set forth in GCR 1963, 785.7(1)(g). We cannot conclude that, because of the sequence in which these rights were enumerated, defendant believed that they only applied to a bench trial.

Secondly, defendant argues that the trial court failed to comply with GCR 1963, 785.7(1)(d) by neglecting to apprise defendant of the fact that consecutive sentencing was mandated by MCL 750.227b; MSA 28.424(2). The Supreme Court's recent decision in *People v Johnson,* 413 Mich 487, 490; 320 NW2d 876 (1982), holds that GCR 1963, 785.7(1)(d) does not require advice as to potential sentence consequences such as consecutive sentencing. Therefore, we must conclude that the trial court did not fail to comply with GCR 1963, 785.7(1)(d).

Finally, we are not persuaded by defendant's claim that the trial court failed to comply with GCR 1963, 785.7(1)(f) by not informing him that

armed robbery is a nonprobationable offense. The record reflects that defendant was informed that there was a mandatory minimum sentence for armed robbery and, therefore, he knew that he could not receive probation. Where a defendant is informed that the offense to which he is pleading guilty carries a mandatory minimum sentence, the trial court's failure to use the magic words "nonprobationable offense" will not result in reversal. The Supreme Court's holding in *People v Rogers,* 412 Mich 669; 316 NW2d 701 (1982), does not compel a different result. In *Rogers,* the defendant was merely informed that second-degree murder was punishable by a maximum of life imprisonment and was not informed of any mandatory minimum sentence. Here, in contrast, defendant was made aware of the fact that he would receive a mandatory minimum sentence. The trial court did not fail to comply with GCR 1963, 785.7(1)(f).

Affirmed.