PEOPLE v BROOKS

Docket No. 69959. Submitted February 22, 1984, at Detroit.—Decided June 5, 1984.

Carl O. Brooks was convicted, on his plea of guilty, of armed robbery and felony-firearm, Recorder's Court of Detroit, Clarice Jobes, J. Defendant appealed, alleging that his plea must be set aside because the trial court did not advise him prior to accepting his plea that any sentences imposed would have to be served consecutively and that there was no factual basis established for his plea since the only testimony concerning the firearm was to the effect that it was inoperable. *Held:*

1. A trial judge is not required to inform a defendant of the possibility of consecutive sentences before accepting a plea of guilty.

2. The operability of a firearm is irrelevant to a determination of guilt under the felony-firearm statute.

Affirmed.

1. CRIMINAL LAW — GUILTY PLEAS — SENTENCING.

A trial judge at a plea-taking proceeding is only required to inform a defendant of the maximum sentence and any mandatory minimum sentence; the defendant need not be advised of the possibility of consecutive sentences (GCR 1963, 785.7[1][d]).

2. CRIMINAL LAW — FELONY-FIREARM.

The operability of a firearm is irrelevant to a determination of guilt under the felony-firearm statue (MCL 750.227[b]; MSA 28.424[2]).

*Frank J. Kelley,* Attorney General, *Louis J.*

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 473 *et seq.*

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

[2] 79 Am Jur 2d, Weapons and Firearms §§ 3, 7.5.

Robbery by means of toy or simulated gun or pistol. 81 ALR3d 1006.

*Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Thomas M. Chambers,* Assistant Prosecuting Attorney, for the people.

*Melissa Z. El,* for defendant.

Before: D. E. HOLBROOK, JR., P.J., and MAC-KENZIE and E. A. QUINNELL,* JJ.

PER CURIAM. Defendant, Carl Orlando Brooks, pled guilty to one count of armed robbery, MCL 750.529; MSA 28.797, and one count of felony-firearm, MCL 750.227b; MSA 28.424(2). During the trial court's examination of defendant for the purpose of establishing a factual basis for the guilty pleas defendant said that during the commission of the above crimes his firearm was "broke", and presumably inoperable.

I

Defendant first claims that his pleas must be set aside because the trial court failed to advise him at his arraignment that any sentences imposed would have to be served consecutively to each other. Such advice is not required. *People v Brown,* 117 Mich App 382; 323 NW2d 721 (1982); *People v Shabazz,* 121 Mich App 320; 328 NW2d 379 (1982). Further, the minimum sentence as to the armed robbery charge could presumably be as little as one day in prison, *People v Blythe,* 417 Mich 430; 339 NW2d 399 (1983).

* Circuit judge, sitting on the Court of Appeals by assignment.

## II

Defendant's next claim is more troublesome. Essentially his claim is that the only information before the trial court at the time of the arraignment was to the effect that the weapon was "broke", therefore inoperable, and therefore the trial court's acceptance of the plea of guilty to felony-firearm was not factually supported. GCR 1963, 785.7(3) and 785.7(5).

Whether a firearm must be operable to warrant a conviction under the felony-firearm statute is an issue that has been before this Court on several prior occasions. The best argument for defendant proceeds as follows. In *People v Stevens,* 409 Mich 564; 297 NW2d 120 (1980), the defendant had been convicted of felonious assault. MCL 750.82; MSA 28.277. The felonious assault statute proscribes an assault "with a gun, revolver, pistol, knife, iron bar, club, brass knuckles or other dangerous weapon * * *". The felonious assault statute does not otherwise define those various weapons, so the Supreme Court looked to the general definitions found in our state laws, specifically MCL 8.3t; MSA 2.212(20). That statute defines firearms as including: "any weapon from which a dangerous projectile may be propelled by using explosives, gas or air as a means of propulsion * * *". The weapon involved in *Stevens* was a starter pistol with the barrel bored out so as to permit the passage of a .22 caliber projectile, but with the firing pin filed down to the point that it would not be possible to fire the pistol. The Supreme Court concluded that the starter pistol was not capable of propelling a dangerous projectile, *i.e.,* that it was inoperable, and thus its use did not violate the felonious assault statute.

Defendant argues by analogy that the felony-

firearm statute provides that a person who carries or has in his possession a firearm at the time he commits or attempts to commit a felony has violated the statute. The felony-firearm statute does not define "firearm" so presumably, on the authority of *Stevens,* we should look to the general definition as used in *Stevens.* Since the weapon involved in this case was arguably inoperable, *i.e.,* incapable of firing a projectile, it did not constitute a firearm. Defendant therefore argues that his plea was not factually accurate.

Defendant's argument finds some support in other cases. In *People v Ray,* 119 Mich App 724; 326 NW2d 622 (1982), complainant testified that the defendant fired at him with a .38-caliber snub-nosed pistol. The defendant testified that the weapon that he concededly fired was a starter pistol. The weapon was never recovered. Although finding that the proof justified the guilty verdict, the Court of Appeals noted in part:

"We agree with defendant that a starter pistol is not a firearm within the meaning of MCL 750.227b; MSA 28.424(2). See *People v Stevens,* 409 Mich 564; 297 NW2d 120 (1980)." 119 Mich App 729.

In *People v Mason,* 96 Mich App 47; 292 NW2d 480 (1980), the defendant was convicted by a jury of carrying a concealed weapon, MCL 750.227; MSA 28.424, possession of heroin, MCL 335.341(4)(a); MSA 18.1070(41)(4)(a), and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). He claimed that he should not have been convicted of the felony-firearm count because the prosecution had not proved that the firearm was operable. After holding that the prosecutor need not present proof of operabil-

ity as an element of a prima facie case in a felony-firearm prosecution, the Court went on to note:

"In cases where the defendant raises the issue of whether a particular weapon is operable, and, as such, a 'firearm' under the statute, the prosecution may have to present evidence on operability to convince the trier of fact that an operable 'firearm' was actually present. In order to survive a request for a directed verdict, however, no such evidence is needed." *Mason, supra,* p 51.

The Court went on to note that the evidence in any event would have been sufficient to withstand a motion for a directed verdict.

However, by far the vast majority of decided Court of Appeals cases hold that operability of a firearm is irrelevant to a determinatiion of guilt under the felony-firearm statute. See *People v Pierce,* 119 Mich App 780; 327 NW2d 359 (1982). Most if not all of the cases consider the question of presumed legislative intent, the language of the statute not being so clear and unambiguous that resort to legislative intent is unnecessary. Many cases refer to the legislative intent as being to discourage carrying guns, whether operable or not, and to protect victims of crime, who presumably are not less frightened if the gun just happens to be inoperable. Other cases at least touch upon the countering theory that, by prescribing a minimum two years in prison, the Legislature intended to have such punishment apply only to those defendants who are capable of producing serious injury in fact, not those who have only the appearance of being able to produce serious injury. An argument can be made that, since a conviction of felony-firearm will almost always[1] involve the commission

---

[1] *People v Lewis,* 415 Mich 443; 330 NW2d 16 (1982).

of an underlying felony as well, the mandatory minimum two-year sentence should be reserved for those cases in which the weapon is in fact operable, with the defendant to receive an appropriate additional sentence, depending upon the underlying offense.

The Supreme Court analysis in *Stevens, supra,* to the felony-firearm statute may well apply, but application of that analysis is by no means certain. In *People v Schofield,* 124 Mich App 134; 333 NW2d 607 (1983), the defendant was originally charged with both armed robbery and felony-firearm. A plea agreement was reached under which he pled guilty to the armed robbery charge and the felony-firearm charge was dismissed. Defendant argued on appeal that the plea bargain was illusory because he had used a toy gun to commit the robbery, that he could not have been convicted of felony-firearm, and therefore the dismissal of that charge was of no benefit to him. The Court noted:

"The use of a toy gun, disguised as a real one, may support a conviction for armed robbery. We conclude, however, that it is insufficient for felony-firearm. The statute prohibits carrying or possessing a 'firearm' in the course of a felony or attempted felony. The statutory term 'firearm' however, cannot be reasonably construed to include a toy gun. MCL 8.3t; MSA 2.12(20) defines a firearm as a 'weapon from which a dangerous projectile may be propelled by using explosives, gas or air as a means of propulsion' with certain exceptions not applicable here. Toy guns, of course, discharge no projectiles. We conclude that a toy gun is not a 'firearm' as that term is used in MCL 750.227b; MSA 28.424(2). The defendant, consequently, could not have been convicted of felony-firearm." 124 Mich App 135-136.

Upon further review in the Supreme Court, the following order was entered:

"Pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, the judgment of the Court of Appeals is reversed on May 17, 1983, and defendant's conviction is reinstated. The record demonstrates that the charge dismissed as part of the plea bargain was one 'of which he might have been convicted at trial.' *Guilty Plea Cases,* 395 Mich 96, 129 (1975). Consequently, the plea bargain was not illusory." *People v Schofield,* 417 Mich 988; 334 NW2d 376 (1983).

We are not entirely sure how to interpret this order. The Supreme Court may have been saying that possession of a toy gun is sufficient to support a felony-firearm conviction. The order might also mean that, at trial, the finder of fact would have believed the anticipated testimony of the victim that the gun looked real, and disbelieved the defendant's anticipated testimony that the gun was only a toy. Conceivably the order might mean that, given the prevailing Court of Appeals opinions at the time, a finder of fact may have convicted the defendant at trial even though the conviction might not have successfully withstood an appeal.

Nonetheless, for reasons stated in *People v Pierce, supra,* we conclude that the term "firearm" as used in the felony-firearm statute includes a weapon from which a dangerous projectile may be propelled even though the weapon may be in a state of disrepair and therefore be incapable temporarily of firing. We join the *Pierce* panel in urging the Supreme Court and the Legislature to clarify the meaning of this statute.

Affirmed.