*In re* VAUGHN

Docket No. 92333. Submitted December 16, 1986, at Detroit. Decided
May 1, 1987. Leave to appeal denied, 428 Mich —.

Respondent, Lamont Vaughn, was placed with petitioner, Depart-
ment of Social Services, after the Wayne Probate Court, Martin
T. Maher, J., found respondent had committed the offenses of
assault with intent to commit unarmed robbery and possession
of a short-barreled shotgun. At the time of respondent's arrest,
he and two other youths each possessed parts of a disassembled
double-barreled, sawed-off shotgun. Respondent appealed.

The Court of Appeals *held:*

1. A shotgun is a firearm, and a firearm is statutorily defined
as "any weapon from which a dangerous object may be shot or
propelled." Where, as in the instant case, a firearm is com-
pletely disassembled, and the individual parts, which are in the
possession of different individuals, are alone incapable of being
fired, the individual parts do not constitute firearms within the
meaning of the statute. Thus, none of the youths could be
charged with possession of a shotgun.

2. The probate court did not err in finding that respondent
had committed the offense of assault with intent to commit
unarmed robbery.

Reversed in part and affirmed in part.

1. Criminal Law — Aiding and Abetting.

The conviction of a principal to a crime is not necessary to
convict an accessory; however, the prosecution must prove that
the crime was committed by someone and that the defendant
either committed or aided and abetted the commission of that
crime.

2. Criminal Law — Weapons — Possession of a Short-Barreled
Shotgun.

Individuals who each possess parts of one completely disassem-

References
Am Jur 2d, Criminal Law §§ 167-176.
Am Jur 2d, Weapons and Firearms §§ 7 *et seq.*
Acquittal of principal, or his conviction of lesser degree of offense,
as affecting prosecution of accessory, or aider and abettor. 9
ALR4th 972.

bled short-barreled shotgun may not be convicted of the offense of possession of a short-barreled shotgun where the separate parts by themselves are incapable of being fired (MCL 750.224b; MSA 28.421[2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division Research, Training and Appeals, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for appellee.

*Sobel, Colton & Giovanni, P.C.* (by *Michael W. Colton*), for appellant.

Before: D. E. HOLBROOK, JR., P.J., and J. H. GILLIS and C. W. SIMON,* JJ.

PER CURIAM. Following a bench trial in probate court, respondent, a minor, was found guilty of committing the offense of assault with intent to commit unarmed robbery, MCL 750.88; MSA 28.283, and possession of a short-barreled shotgun, MCL 750.224b; MSA 28.421(2). Respondent was committed to the Department of Social Services for placement.

On December 13, 1985, John Poirier was assaulted by respondent and two other youths in front of Spud's Bar on Gratiot in Detroit. Detroit police officer Dennis Griffiths observed the incident while in an unmarked car. Griffiths arrested the three youths and upon searching them discovered that each boy was concealing a part of a double-barreled, sawed-off shotgun. One boy had the butt and handle of the firing mechanism, the second had the form of the mechanism, and respondent had the barrel. The probate court concluded that since the three pieces assembled constituted a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

shotgun, under the aiding and abetting statute, MCL 767.39; MSA 28.979, each of the youths was guilty of possession of a short-barreled shotgun. Respondent disputes this finding on appeal on the basis that none of the boys possessed the whole shotgun but, rather, only pieces of the shotgun.

We agree with respondent's argument. Although under an aiding and abetting theory conviction of a principal is not necessary to conviction of an accessory, the prosecution must prove that the underlying crime was committed by someone and that the defendant either committed or aided and abetted the commission of that crime. *People v Mann,* 395 Mich 472, 478; 236 NW2d 509 (1975); *People v Brown,* 120 Mich App 765, 770; 328 NW2d 380 (1982), lv den 417 Mich 991 (1983); *People v Paige,* 131 Mich App 34, 39-40; 345 NW2d 639 (1983).

In the instant case, none of the youths involved possessed a short-barreled shotgun. Rather, each possessed different parts of a disassembled shotgun which, without the other parts, were incapable of firing a dangerous projectile. We note that panels of this Court have held that the operability of a weapon is irrelevant in cases where a defendant is charged with felony-firearm or carrying a concealed weapon. See, e.g., *People v Poindexter,* 138 Mich App 322, 333; 361 NW2d 346 (1984); *People v Brooks,* 135 Mich App 193, 199; 353 NW2d 118 (1984); *People v Sanchez,* 98 Mich App 562, 567; 296 NW2d 312 (1980); *People v Jiminez,* 27 Mich App 633; 183 NW2d 853 (1970). However, a shotgun is a firearm, MCL 750.222(d) and (e); MSA 28.419(d) and (e), and a firearm is statutorily defined as "any weapon from which a dangerous object may be shot or propelled." MCL 8.3t; MSA 2.212(20), MCL 752.841; MSA 28.436(11). Where, as in the instant case, a firearm is completely disas-

sembled, and the individual parts, which are in the possession of different individuals, are alone incapable of being fired, the individual parts do not constitute "firearm[s]" within the meaning of the statute. Therefore, none of the youths could be charged with possession of one shotgun. Cf., *People v Stevens,* 409 Mich 564; 297 NW2d 120 (1980).

We do not believe that we can attribute to respondent the other youths' possession of the remaining parts of the shotgun so as to impose upon him criminal liability for possession of a whole shotgun. Using an aiding and abetting theory to do so where, in fact, no underlying crime has been committed by any of the others is bootstrapping which we will not allow in this case. Accordingly, we must reverse the probate court's finding that defendant was guilty of committing the offense of possession of a short-barreled shotgun. We do note, however, that the youths could have been charged with conspiracy to possess a short-barreled shotgun. MCL 750.157a; MSA 28.354(1). We affirm the finding of guilt on the charge of assault with intent to commit unarmed robbery.

Reversed in part and affirmed in part.