PEOPLE v. CLARK

Opinion of the Court

1. Searches and Seizures—Reasonableness—Motion to Suppress —Weapons—Concealed Weapons.

Denial of defendant's motion, made prior to trial, to suppress a gun was proper as the search was a reasonable one where the activities of defendant and two others in and outside of a store aroused the suspicions of a store clerk who telephoned police and requested that a patrol car be sent to the store located in a neighborhood where there had been a rash of holdups; police officers arrived while defendant and the other two were still in the store; the clerk told the police he called them because he was afraid the three persons were going to hold him up; defendant had his hand in his pocket, as he had during the time he was in the store, and, when one of the policemen requested defendant to take his hand out of his pocket, he refused and refused to talk with the officer; and, in removing defendant from the store an altercation ensued, defendant was handcuffed and taken to the police station where the gun was found in his pocket.

2. Weapons — Concealed Weapons — Evidence — Irrelevant — Evidence.

Adduction of proof that a gun was operational and loaded was not reversible error where defendant was charged with carrying a concealed weapon without a license although such proof was irrelevant to that offense (MCLA §§ 750.227, 769.26).

3. Weapons—Concealed Weapons—Evidence—Burden of Proof.

Prosecution need not prove that defendant did not have a license to carry the weapon in any county of the state where defendant was charged with carrying a concealed weapon without a license (MCLA § 750.227).

---

References for Points in Headnotes

[1, 4] 5 Am Jur 2d, Arrest § 40.
[2, 3] 56 Am Jur, Weapons § 9 et seq.

4. SEARCHES AND SEIZURES—MOTION TO SUPPRESS—HEARING—EVIDENCE.

> *A defendant is entitled to a full evidentiary hearing where he may present all material and relevant evidence available to him on the issue of a reasonable search and seizure without surrendering such other constitutional rights as the right not to take the stand at the trial in chief where he was charged with carrying a concealed weapon without a license and his motion to exclude the weapon from evidence as the product of an unreasonable police search and seizure was made before trial.*

Appeal from Recorder's Court of Detroit, Thomas L. Poindexter, J. Submitted Division 1 April 15, 1970, at Detroit. (Docket No. 6,515.) Decided June 22, 1970.

Curtis Saul Clark was convicted of carrying a concealed weapon. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Robert F. Mitchell, Jr.,* for defendant on appeal.

Before: LESINSKI, C. J., and QUINN and O'HARA,* JJ.

QUINN, J. Defendant was tried by a jury for carrying a concealed weapon contrary to CL 1948, § 750.227 (Stat Ann 1962 Rev § 28.424) and he was

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

convicted. His appeal raises several issues, the first of which relates to the admissibility of the weapon in evidence. Prior to trial, defendant moved to suppress the weapon and the motion was denied.

Although the trial court denied the motion to suppress on the basis of Const 1963, art 1, § 11, and defendant contends here that under *Mapp* v. *Ohio* (1961), 367 US 643 (81 S Ct 1684, 6 L Ed 2d 1081, 84 ALR2d 933), this section of the state constitution is unconstitutional under the United States Constitution, the facts of this case obviate decision on this issue.

The activities of three young men, including defendant, in and outside of a grocery store aroused the suspicions of a store clerk to the extent that the clerk telephoned police headquarters and requested that a patrol car be sent to the store. Notified by radio, four police officers arrived while defendant and the other two were still in the store. Defendant had his hand in his pocket, as he had had during the time he was in the store. The clerk told the police that he called them because he was afraid the three young men were going to hold him up. There had been a rash of holdups in the neighborhood.

One of the policemen requested defendant to take his hand out of his pocket. Defendant refused to do so and refused to talk with the officer. In removing defendant from the store, an altercation ensued, defendant was handcuffed and taken to the police station where the gun was found in his pocket.

Under *Terry* v. *Ohio* (1968), 392 US 1 (88 S Ct 1968, 20 L Ed 2d 889), this was a reasonable search, and even under *Mapp, supra,* the product of a reasonable search is admissible. Denial of the motion to suppress was proper.

Defendant claims that the trial judge interjected himself into the proceedings by questioning wit-

nesses to the extent of exhibiting partiality to the prosecution, thus prejudicing defendant's right to a fair trial. This claim is not supported by the record before us.

Defendant alleges that in final argument the prosecuting attorney alluded to the fact that no contrary evidence was presented by defendant, and that this was prejudicial error. Final arguments were not recorded and we have no way to determine if such a comment was made.

The next error asserted by defendant is that prejudicial error occurred when the prosecution exceeded the quantum of proof required to establish the offense with which defendant was charged. This assertion relates to proof that the weapon was operational and loaded. Such proof was irrelevant to the offense with which defendant was charged but its adduction was not reversible error. CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096).

Defendant's final allegation of error, namely: that the prosecution must prove that defendant did not have a license to carry the weapon in any county of the state is unfounded. *People* v. *Ramos* (1969), 17 Mich App 515.

Affirmed.

O'HARA, J., concurred.

LESINSKI, C. J. (*dissenting*). On July 20, 1967, a jury convicted defendant Curtis Saul Clark of carrying a concealed weapon.[1] Following sentencing to a prison term of four to five years, defendant appeals as of right.

Defendant's first claim of error concerns the trial court's refusal to exclude the weapon from evidence

---

[1] MCLA § 750.227 (Stat Ann 1962 Rev § 28.424).

as the product of an unreasonable police search and seizure. Before commencement of trial, the court, without an evidentiary hearing, denied defendant's timely motion to suppress stating, *inter alia,* that "in any event, the court would feel bound by the provisions of the new Michigan Constitution which directs· the receipt in evidence of weapons found on a defendant." The weapon was admitted into evidence and in its charge to the jury the court quoted art 1, § 11 of the Constitution of 1963 and stated that this provision "permits officers having attained a weapon from a prisoner, to introduce it in evidence, regardless of whether or not the seizure was proper."

We have recently held that art 1, § 11 of the Constitution of 1963 is in conflict with Ams 4 and 14 of the United States Constitution as interpreted by *Mapp* v. *Ohio* (1961), 367 US 643 (81 S Ct 1684, 6 L Ed 2d 1081, 84 ALR2d 933). *People* v. *Andrews* (1970), 21 Mich App 731. *Mapp* was decided on June 19, 1961. The arrest in the instant case occurred on February 20, 1967 with trial commencing on July 19, 1967. *Mapp,* therefore, controls and requires exclusion of all evidence, regardless of its nature, seized as a result of an unreasonable search and seizure. *Linkletter* v. *Walker* (1965), 381 US 618 (85 S Ct 1731, 14 L Ed 2d 601).

This case should be remanded for a *full* evidentiary hearing on the question of the reasonableness of the search and seizure of the weapon. Following the evidentiary hearing, the trial court should make a redetermination of its prior ruling on defendant's motion to suppress in the light of this opinion, the record of the hearing, and *Mapp* v. *Ohio.*

In the event the search is found to be reasonable, the conviction should stand; if found to be unreasonable in the constitutional sense, the evi-

dence should be suppressed and the defendant should be granted a new trial.

I cannot agree with the position of the majority that we can decide the issue of reasonableness of the search and seizure on the record before us. The defendant should have the opportunity to attack the search and seizure in accord with his motion timely made. Defendant is entitled to an evidentiary hearing where he may present all material and relevant evidence available to him on this issue without surrendering such other constitutional rights as the right not to take the stand at the trial in chief.[2] *People* v. *Wiejecha* (1968), 14 Mich App 486. See, also, *Simmons* v. *United States* (1968), 390 US 377 (88 S Ct 967, 19 L Ed 2d 1247). Compare *People* v. *Smith* (1969), 19 Mich App 359, 367.

Because of the trial court's blanket ruling on the admissibility of the contested evidence, the defendant was prevented from making an effective attack,

---

[2] Compare *People* v. *Cope* (1969), 18 Mich App 14, where the defendant also argued that he was entitled to a full evidentiary hearing on his pretrial motion to suppress certain evidence. This Court disagreed at 17:

"Defendant's objection is that he was not allowed to testify in his own behalf. It is clear that defendant had a complete right of cross-examination of arresting officer Evans. The only thing that defendant could have possibly said was that he did not give the police permission to search. One may waive the issuance of a search warrant and by consent permit the search of his premises. *People* v. *Weaver* (1928), 241 Mich 616, and this is clearly what defendant elected to do."

The Supreme Court granted leave to appeal and reversed, *sua sponte*, by order at 383 Mich 757:

"The Court on its own motion orders the decision of the Court of Appeals reversed with remand by that Court to the Recorder's Court for the city of Detroit. The Recorder's Court will hold a complete evidentiary hearing on the admissibility of the gun. Upon such a hearing, if the gun is found to be inadmissible, the defendant would be entitled to a new trial. If the gun is properly found to be admissible, his conviction shall be deemed affirmed. This order entered December 31, 1969 pursuant to GCR 1963, 853.2(4)."

In the instant case defendant was not offered a full evidentiary hearing on his motion to suppress and did not take the witness stand at the trial in chief, and thus never had the opportunity to present his story as to the circumstances surrounding his arrest.

since to do so would require him to pursue a course of action specifically precluded by the ruling of the trial court. On this record we have no way of knowing that all the evidence available to the defendant was presented. See *People* v. *Walker* (On Rehearing, 1965), 374 Mich 331.

I would remand this cause to the trial court for actions not inconsistent with this opinion.