PEOPLE v STEPHENSON

Docket No. 78-3744. Submitted October 9, 1979, at Lansing.—Decided
     November 26, 1979.

   Roger D. Stephenson was convicted of armed robbery and posses-
   sion of a firearm during the commission of a felony, Oakland
   Circuit Court, Frederick C. Ziem, J. Defendant appeals his
   felony-firearm conviction claiming that the felony-firearm stat-
   ute covers only those situations in which the firearm could be
   used to inflict injury on the victim of the original felony and
   therefore the word firearm as used in the statute does not
   mean guns made inoperable because they are unloaded or
   defective. *Held:*

       The term firearm as it is used in the statute includes any
   firearm, loaded or unloaded, operable or inoperable.

       Affirmed.

Weapons — Criminal Law — Felony Firearm — Statutes.
     The term firearm as it is used in the felony-firearm statute
     includes any firearm, loaded or unloaded, operable or inopera-
     ble (MCL 750.227b; MSA 28.424[2]).

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *L. Brooks Patterson,*
Prosecuting Attorney, *Robert C. Williams,* Chief
Appellate Counsel, and *Robert F. Davison,* Assist-
ant Prosecuting Attorney, for the people.

*Faintuck, Shwedel, Wolfram, McDonald & Zip-
ser,* for defendant on appeal.

Before: R. B. Burns, P.J., and D. E. Holbrook,
Jr., and P. J. Glennie,* JJ.

References for Points in Headnote
79 Am Jur 2d, Weapons and Firearms §§ 1, 16.
Fact that gun was unloaded as affecting criminal responsibility. 79
     ALR2d 1412.
* Former circuit judge, sitting on the Court of Appeals by assign-

Per Curiam. Defendant was convicted of one count of armed robbery, MCL 750.529; MSA 28.797, and a second count of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). He was sentenced to from 1-1/2 to 15 years imprisonment on the armed robbery count and an additional two years on the second count for possession of a firearm during the commission of a felony. Defendant appeals as of right his conviction and sentence under the second count.

Defendant claims the Legislature's intent behind the passage of the felony-firearm statute covers only those situations in which the firearm could be used to inflict injury on the victim of the original felony. Thus, defendant contends that the word "firearm" in the statute does not mean guns made inoperable because they are unloaded or defective.

The statutory definition of a firearm is found in MCL 8.3t; MSA 2.212(20). It states that a "firearm", where not otherwise defined, includes "any weapon from which a dangerous projectile may be propelled by using explosives, gas or air as a means of propulsion" with listed exceptions. A companion definition of a pistol is found in MCL 750.222; MSA 28.419 which states:

" 'Pistol' as used in this chapter means any firearm, loaded or unloaded, 30 inches or less in length, or any firearm, loaded or unloaded, which by its construction and appearance conceals it as a firearm."

Therefore, reading the above two statutes together, it is clear that the term "firearm" includes guns both loaded and unloaded and which "may"

ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

fire a dangerous projectile by any of the means listed.

No such explicit reading is available, however, for a statutory inclusion of a firearm which is not operable. The question thus presented is whether a statute including firearms made inoperable because they are unloaded would apply equally to those not operable for mechanical reasons.

The present case compares favorably with the situation addressed by this Court in *People v Clark,* 24 Mich App 440; 180 NW2d 342 (1970), and *People v Jiminez,* 27 Mich App 633; 183 NW2d 853 (1970). In both cases, the defendants based a portion of their appeals of convictions for carrying a concealed weapon contrary to MCL 750.227; MSA 28.424 on the question of proof that the gun was not operable. In *Clark,* the people's evidence that the gun was operable was found to be irrelevant and unnecessary to proof of the offense. In *Jiminez,* this Court relied on the definition of a pistol to state that since the gun need not be loaded, "the fact that a pistol may be inoperable does not prevent conviction under this statute". *People v Jiminez, supra* at 635; 183 NW2d at 854.

The type of statutory construction given to the concealed weapon statute is applicable to the felony-firearm law. Both statutes refer to a pistol or firearm which is carried by the person. The concealed weapon statute refers to a pistol "on or about his person" while the felony-firearm statute refers to firearms "in his possession". It is clear that the Legislature intended that a broad construction be given both laws. As this Court stated in *People v Bailey,* 10 Mich App 636, 640; 160 NW2d 380, 382 (1968):

"Courts should look for reasonable rather than tor-

tured interpretations of statutes, or exceptions thereto, so as to reflect the intent of the legislature."

Therefore, we find that the felony-firearm statute includes any firearm, operable or inoperable.

Affirmed.