*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CALVIN ANDREW JETER,

Defendant-Appellant.

UNPUBLISHED
May 21, 2019

No. 342259
Wayne Circuit Court
LC No. 17-006117-01-FH

Before: REDFORD, P.J., and MARKEY and K. F. KELLY, JJ.

PER CURIAM.

Defendant was convicted by a jury of felon in possession of a firearm, MCL 750.224f, carrying a concealed weapon (CCW), MCL 750.227, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. He was sentenced to two years' probation for the felon-in-possession and CCW convictions and to two years' imprisonment for the felony-firearm conviction. Defendant appeals by right, challenging the sufficiency of the evidence with respect to whether he possessed a firearm. We affirm.

On May 28, 2017, two Detroit police officers were in their cruiser traveling down a roadway when they observed a group of men, including defendant, standing around two parked cars in a vacant lot. A can of beer was observed on the hood of one of the parked vehicles. The officers drove into the lot, and one of the officers testified that he saw defendant "pivot" with one "hand to his waist," bend down, and then "throw[] his hands under" one of the parked cars. His partner testified that defendant made "a gesture underneath the vehicle bending down." Based on their experience, the police officers believed that defendant was disposing of a weapon. Indeed, the officers located a handgun under the car in the area where defendant had made the furtive movements. The jury was instructed on actual and constructive possession of a firearm. Defendant was convicted of the three firearm offenses. On appeal, defendant contends that the evidence was insufficient to support the possession element of the crimes. We disagree.

This Court reviews de novo the issue regarding whether there was sufficient evidence to support a conviction. *People v Lueth*, 253 Mich App 670, 680; 660 NW2d 322 (2002). In reviewing the sufficiency of the evidence, this Court must view the evidence—whether direct or

circumstantial—in a light most favorable to the prosecutor and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012); *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). A jury, and not an appellate court, observes the witnesses and listens to their testimony; therefore, an appellate court must not interfere with the jury's role in assessing the weight of the evidence and the credibility of the witnesses. *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992). Circumstantial evidence and any reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of a crime, *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999), including firearm possession, *People v Johnson*, 293 Mich App 79, 83; 808 NW2d 815 (2011). The prosecution need not negate every reasonable theory of innocence, but need only prove the elements of the crime in the face of whatever contradictory evidence is provided by the defendant. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). "All conflicts in the evidence must be resolved in favor of the prosecution." *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

"Possession" of a gun is an element of felon-in-possession, MCL 750.224f; *People v Bass*, 317 Mich App 241, 268; 893 NW2d 140 (2016), and felony-firearm, MCL 750.227b; *People v Peals*, 476 Mich 636, 640; 720 NW2d 196 (2006). And the "carrying" element of CCW has been equated to possession. *People v Butler*, 413 Mich 377, 390 n 11; 319 NW2d 540 (1982). Possession of a firearm can be actual or constructive, joint or exclusive, and proven with direct or circumstantial evidence. *People v Minch*, 493 Mich 87, 91-92; 825 NW2d 560 (2012); *People v Hill*, 433 Mich 464, 469-470; 446 NW2d 140 (1989).

Despite the lack of any direct evidence that defendant physically possessed the firearm, we conclude that there existed sufficient circumstantial evidence from which it could be reasonably inferred that defendant had *actually* possessed the gun shortly before the police discovered it. Defendant's pivot, his hand movement to his waist area, his thrusting motion directed underneath the car while defendant was bent over, and the discovery of the handgun under the car near defendant's position all provided very strong circumstantial evidence that defendant had physically controlled and handled the firearm. Additionally, the same evidence also supports a conclusion that defendant had constructively possessed the handgun because it reflected that defendant knew the location of the weapon and that it was reasonably accessible to him. *Hill*, 433 Mich at 470-471.

In sum, viewing the evidence in a light most favorable to the prosecution, appreciating that circumstantial evidence can establish the elements of a crime and that the jury decides issues of credibility and weight, and resolving all conflicts in favor of the prosecution, we hold that a rational trier of fact could conclude that defendant's possession of the firearm was proven beyond a reasonable doubt.

We affirm.

/s/ James Robert Redford
/s/ Jane E. Markey
/s/ Kirsten Frank Kelly