*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ARTHUR DEVONTE WOODS,

        Defendant-Appellant.

UNPUBLISHED
December 22, 2022

No. 359512
Saginaw Circuit Court
LC No. 20-047399-FH

Before: SHAPIRO, P.J., and BORRELLO and YATES, JJ.

PER CURIAM.

Defendant Arthur Devonte Woods appeals as of right his jury-trial convictions of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b(1), and being a felon in possession of a firearm (felon-in-possession), MCL 750.224f. The trial court sentenced defendant as a third-offense habitual offender, MCL 769.11, to serve two years of imprisonment for the felony-firearm conviction and five years of probation for the felon-in-possession conviction. We affirm.

## I. BACKGROUND

Defendant's convictions arise from an incident that occurred during the early morning of July 14, 2020. Detective Patrick Miller and Sergeant Justin Kemerer of the Michigan State Police were dispatched to an apartment complex on the basis of reports that a group of five to seven people were in the complex parking lot with handguns. Upon arriving at the complex, Detective Miller and Sergeant Kemerer saw four or five individuals standing near a black SUV that was backed into a parking spot. The individuals were all standing near the driver's side and rear driver's side of the SUV.

The two officers requested backup. The additional officers entered the complex and approached the SUV in marked patrol vehicles; at the same time, Detective Miller and Sergeant Kemerer walked to the SUV. According to their testimony, both officers saw defendant walk toward the rear-passenger tire of the SUV. Sergeant Kemerer saw defendant reaching toward his waistband and sweatshirt pocket; he turned his body away and reached his hands into his midsection area. Despite Sergeant Kemerer's instructions to stop and put his hands up, defendant

-1-

continued moving to the passenger side of the vehicle, leaned up against the vehicle, and turned his body away. Defendant then backed away from the vehicle and surrendered to the officers.

No firearm was found in a search of defendant's person. However, one of the other responding officers saw a handgun on the rear-passenger tire of the SUV; the officer testified that the handle of the handgun was facing outward toward the hubcap of the tire "as if somebody had set it down there that was holding it." The gun had no registered owner on file, and there were no usable latent fingerprints found on the gun.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant argues that the prosecution did not present sufficient evidence to support a finding that he possessed the gun that officers found on top of the rear-passenger tire of the SUV. We disagree.[1]

To convict a defendant of felony-firearm under MCL 750.227b(1), the prosecution must prove "that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony." *People v Bass*, 317 Mich App 241, 268-269; 893 NW2d 140 (2016) (quotation marks and citation omitted). In this case, the felon-in-possession charge, MCL 750.224f, was the underlying felony for purposes of the felony-firearm charge. To convict a defendant of felon-in-possession the prosecution must prove that: "(1) the defendant is a felon who possessed a firearm (2) before his right to do so was formally restored under MCL 28.424." *Id*. at 267-268.

"Michigan courts . . . have recognized that the term 'possession' includes both actual and constructive possession." *People v Hill*, 433 Mich 464, 470; 446 NW2d 140 (1989). "Constructive possession exists when the totality of the circumstances indicates a sufficient nexus between defendant and the contraband." *People v Johnson*, 466 Mich 491, 500; 647 NW2d 480 (2002). A defendant has constructive possession of a firearm if there is proximity to the article together with indicia of control. *Hill*, 433 Mich at 470. "Possession can be proved by circumstantial or direct evidence and is a factual question for the trier of fact." *People v Johnson*, 293 Mich App 79, 83; 808 NW2d 815 (2011).

---

[1] This Court reviews de novo a challenge to the sufficiency of the evidence. *People v Savage*, 327 Mich App 604, 613; 935 NW2d 69 (2019). "The test for determining the sufficiency of evidence in a criminal case is whether the evidence, viewed in a light most favorable to the people, would warrant a reasonable juror in finding guilt beyond a reasonable doubt." *People v Nowack*, 462 Mich 392, 399; 614 NW2d 78 (2000). "It is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). Therefore, when a court reviews a challenge to the sufficiency of the evidence, it is "required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *Nowack*, 462 Mich at 400.

It is clear that the gun was located near where the officers found defendant. And the evidence introduced at trial was sufficient for a jury to find that defendant had control over the revolver. The police testimony describing defendant's movement to the rear-passenger side of the SUV, reaching toward his waistband and sweatshirt pocket, ignoring the officer's commands to stop, and the discovery of the gun on the rear-passenger tire of the SUV gave rise to reasonable inferences that defendant not only knew the location of the gun but had in fact placed it there. See *People v Barbee*, 325 Mich App 1, 13; 923 NW2d 601 (2018). Moreover, Detective Miller and Sergeant Kemerer did not notice anyone other than defendant near the rear-passenger tire of the SUV, and the vehicle did not move while the officers were observing it.

Defendant notes that no fingerprints were developed from the gun and that it was not submitted for DNA analysis, but circumstantial evidence and reasonable inferences drawn from that evidence can be sufficient for a jury to convict. See *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). Viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence to permit the reasonable inference that defendant constructively possessed the firearm.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Stephen L. Borrello
/s/ Christopher P. Yates