KAREN NELSON MOORE, Circuit Judge,
dissenting.
Because I believe that our precedent requires a different result, I respectfully dissent.
Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), provides the standard for evaluating a sufficiency-of-the-evidence claim and explains that “the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” “As framed by AEDPA, the issue [that we must consider] is whether the district court erred in concluding that the Michigan Court of Appeals unreasonably applied [Jackson ].” Parker v. Renico, 506 F.3d 444, 448 (6th Cir.2007). This standard requires deference to the jury’s verdict and to the state court’s review of that verdict. Id. However, even after AED-PA, this panel must “distinguish reasonable speculation from sufficient evidence” when reviewing a state court’s application of Jackson. Brown v. Palmer, 441 F.3d 347, 352 (6th Cir.2006); see also Parker, 506 F.3d at 452.
Smith argues that the prosecution failed to prove that he possessed the firearm found in the van, an element required by each of the three statutes under which Smith was convicted. See Mich. Comp. Laws §§ 750.227(2), 750.224f, 750.227b. Under Michigan law, possession can be either actual or constructive. Parker, 506 F.3d at 448. As under federal law, “ ‘a person has constructive possession if there is proximity to the [weapon] together with indicia of control.’ ” Id. (quoting People v. Hill, 433 Mich. 464, 446 N.W.2d 140, 143 (1989)). Similarly, under both Michigan and federal law, “the ‘indicia of control’ element requires something more than a *103 defendant’s mere proximity to establish constructive possession.” Id. at 449.
Although AEDPA mandates deference to the state court’s holding, I would hold that the evidence introduced against Smith shows nothing more than his proximity to the firearm and that the Michigan court’s conclusion that this evidence was sufficient to prove possession was an unreasonable application of Jackson. I believe this result is required by our opinion in Parker. In Parker, four men, including Parker, were stopped by officers because the car they were in was driving erratically. Id. at 445-46. Immediately before the stop, one of the men in the car had shot another man four times. Id. at 445. When the officers tried to stop this car, it sped up and led the police on a high-speed chase. Id. at 446. During this chase, a door on the driver’s side of the car opened. Id. The car eventually crashed, and the three other men ran from the car while Parker cooperated with officers, even preventing one of the other men from picking up a gun. Id. When police searched the car, they found two guns, one on the front passenger’s side floor and one on the passenger’s side back seat. Id. A third gun was found on the road along the chase route. Id. Parker had been sitting in the back seat on the driver’s side. Id. at 445.
The Michigan courts found that there was sufficient evidence to show possession because “(1) Parker fled from law enforcement; (2) the officers saw an opening driver’s side door; (3) the gun was within Parker’s reach and in plain sight; and (4) as Williams exclusively used the Luger, Parker must have used the second gun in the backseat.” Id. at 450. We granted habeas relief because “viewed individually each fact the state advances as ‘indicia of control’ fails to link Parker to the gun, and viewed cumulatively the evidence gains no greater traction. The evidence may have led the jury, as Broiun contemplates, to ‘reasonably speculate’ that Parker possessed a weapon, but without ‘indicia of control,’ insufficient evidence supports beyond a reasonable doubt Parker’s constructive possession.” Id. at 452. In reaching this conclusion, we were cognizant of the standard of review, noting that “[although Jackson v. Virginia and AED-PA dictate deferential standards, this is the rare case where the jury’s conclusion fails to conform to that of a rational jury, and where the Michigan Court of Appeals’ contrary conclusion was unreasonable.” Id.
The state presented even less evidence of possession here than in Parker. None of the evidence cited by the Michigan Court of Appeals or by the district court indicates otherwise. Both courts noted that Smith was alone in the van at the time the gun was found. However, there was uncontroverted testimony that Smith was not the sole occupant of the van that night or the only person who drove the van. The prosecution did not challenge Cook’s testimony that he was in the car on the night Smith was arrested or Shoemo’s testimony that he loaned the van to a variety of different people.[2] Accordingly, the fact that Smith was alone at the time of his arrest is insignificant. The gun could have been placed in the pocket by Cook or by a thud party who had previously borrowed the van. See United States v. Bailey, 553 F.3d 940, 946 (6th Cir.2009) (“Because individuals other than Bailey used the car on the night Bailey was arrested and in the days before, no juror could conclude beyond a reasonable doubt that the mere fact *104 that Bailey was driving the ear meant that Bailey had placed the gun beneath the driver’s seat.”).
The Michigan Court of Appeals and the district court also highlighted the fact that the gun was positioned such that an individual driving the car could reach the weapon. However, as we explained in Parker; arguments that a firearm was “within an arm’s reach” of an individual or “in plain sight” are “just proximity by another name.” Parker, 506 F.3d at 451. Arguments that Smith could have reached the gun or that he could have reached the pocket to hide the gun are simply arguments that he was near the gun. Accordingly, the position of the gun would not permit a rational juror to conclude beyond a reasonable doubt that Smith possessed the weapon.
The Michigan Court of Appeals noted that Cook did not know how the gun had gotten into the seat-back pocket. While this is true, this fact does not prove that Smith did know how the gun found its way there. It is not enough for the state to negate Smith’s case; the prosecution must prove, beyond a reasonable doubt, every element of the crime, including that Smith possessed this firearm. Even if Cook had not testified and if Smith had not presented a theory as to who put the gun in the van, I believe that the state failed to present sufficient evidence that Smith possessed the firearm.
The district court stated that it' relied most heavily on the fact that Groulx testified that although the gun was heavy, it had not fallen to the bottom of the pocket. Although I believe that this fact presents the closest question, I do not find that it provides sufficient evidence that Smith possessed the weapon. This argument is yet another restatement of the fact that the gun was close to Smith. Had the gun fallen to the bottom of the pocket, it would not have been easily accessible to Smith; only because it remained on the top of the pocket was it near Smith. And, as stated above, mere proximity to a weapon is insufficient to show possession. Additionally, Groulx’s testimony regarding the pocket was far from definite; he stated that the gun would “eventually” fall from its position and that he could identify the position the weapon had been in even though he had to pull the pocket open to find it. Joint Appendix (“J.A.”) at 74-75 (Trial Tr. at 107-08). Further, Groulx did not stop Smith far from where Smith dropped Cook off, so there is no indication that sufficient time had passed for this eventuality to occur since Cook left the van. Compare J.A. at 120-21 (Trial Tr. at 156-57) (noting that Smith dropped Cook off near Church, 12th, and Beach Streets), with J.A. at 62-63 (Trial Tr. at 95-96) (indicating that Groulx first saw Smith near these same streets).
Additionally, the prosecution did not prove or even allege any of the facts that sometimes serve as indicia of control: Smith’s fingerprints were not on the weapon; Groulx never saw Smith reach for the weapon; Smith cooperated with Groulx and there is no indication that Smith was nervous or concerned about the search; Smith did not have sole possession and control of the van; no one had seen Smith with a weapon; no one knew of Smith having a weapon; the gun was not visible to Smith while he was driving; and Smith did not have any ammunition with him. I believe that this case presents less evidence of the indicia of control necessary to establish possession than was shown in Parker. The evidence shows nothing more than Smith’s proximity to the weapon. As in Parker, “[t]he evidence may have led the jury, as Brown contemplates, to 'reasonably speculate’ that [the defendant] possessed a weapon, but without ‘indicia of *105 control,’ insufficient evidence supports beyond a reasonable doubt [the defendant’s] constructive possession.” 506 F.3d at 452. AEDPA review requires us to “distinguish reasonable speculation from sufficient evidence.” Brown, 441 F.3d at 352 (6th Cir. 2006). Because the case against Smith rests on nothing more than speculation, I believe that the Michigan Court of Appeals unreasonably applied Jackson v. Virginia, and I would REVERSE the district court’s DENIAL of habeas.

. Shoemo testified that he did not keep anything in the seat-back pockets or own a gun, but he also testified that he had not been using the van. Additionally, Shoemo did not testify about whether he routinely cleaned the van or checked the contents of the pockets.